UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BURNETTE FOODS, INC.,

    Plaintiff,

v.                                               Case No. 1:16-CV-21

U.S. DEPARTMENT OF AGRICULTURE           HON. GORDON J. QUIST
and SONNY PERDUE, Secretary of
Agriculture,

    Defendants.
_____/

## ORDER CLARIFYING PRIOR OPINION AND ORDER

The Court issued an Opinion (ECF No. 47) and Order (ECF No. 48) granting Plaintiff's motion for summary judgment on January 24, 2018. The Court concluded that "CherrCo, as a sales constituency, cannot have more than one seat on the [Cherry Industry Administrative Board ('CIAB')]." (ECF No. 47 at PageID.6702 (citing 7 C.F.R. § 930.20).) On February 20, 2018, Defendants filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(a) or, alternatively, to amend judgment under Rule 59(e). (ECF No. 49.) Defendants correctly state that 7 C.F.R. § 930.20(g) does not limit a sales constituency to strictly one seat on the CIAB, but rather to one seat "*in those districts* having more than one seat on the Board. . . . There is no prohibition on the number of Board members from differing districts that may be elected from a single sales constituency which may have operations in more than one district." 7 C.F.R. § 930.20(g) (emphasis added). Burnette filed a response and "is in general agreement with the proposition that this Court's Order must be carried out in accordance with 7 C.F.R. § 930," but argues that Defendants' requested relief is overly broad. (ECF No. 50.)

Burnette acknowledges that 7 C.F.R. § 930.20(g) permits a sales constituency, *e.g.*, CherrCo, to have one seat per district in districts having more than one seat on the CIAB. However, Burnette requests that the Court clarify that the "one seat" rule cannot be circumvented by a sales constituency taking an alternate seat in a district where it has a member seat and vice versa. The Court agrees. The express intent of § 930.20(g) is "to achieve a fair and balanced representation on the Board, and to prevent any one sales constituency from gaining control of the Board." Accordingly, the "one seat" rule is read to be inclusive of alternate seats.

Rule 59(e) permits the Court to amend a previous order in order to, among other things, correct a clear error of law. The Court will correct its prior Opinion in order to be in accordance with 7 C.F.R. § 930.20(g).

Therefore,

**IT IS HEREBY ORDERED** that Defendants' motion (ECF No. 49) is **GRANTED in part**. The Court clarifies that, pursuant to its prior Opinion (ECF No. 47), CherrCo's affiliation with members on the Cherry Industry Administrative Board is limited as set forth in 7 C.F.R. § 930.20(g), to wit:

> Not more than one Board member (including an alternate Board member) may be from, or affiliated with, CherrCo in those districts having more than one seat on the Board.

This clarification is not intended to change the meaning of 7 C.F.R. § 930.20(g).

Dated: March 9, 2018                    /s/ Gordon J. Quist
                                        GORDON J. QUIST
                                        UNITED STATES DISTRICT JUDGE